IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERIC RODRIGUEZ,

                Plaintiff,                              ORDER

v.

                                                      14-cv-86-jdp

TIMOTHY HAINES, *et al.*,

                Defendants.

---

Plaintiff Eric Rodriguez is proceeding on claims that defendant prison officials violated his due process rights by failing to provide him with proper process during an administrative confinement review hearing. Currently before the court is plaintiff's motion to compel discovery related to his requests for production of documents and interrogatories directed at each defendant. I am denying plaintiff's motion as to all but two requests.

Several of plaintiff's challenges concern documents that defendants have agreed to make available to him, but plaintiff believes that they should have to create copies of these documents at their expense. Plaintiff is incorrect. As stated in the court's preliminary pretrial conference order, dkt. 27, Federal Rule of Civil Procedure 34 does not require defendants to make copies at their own expense. I am denying the portions of plaintiff's motion relying on this argument. Plaintiff also requests the telephonic recording of the administrative review committee hearing. Defendants state that the recording does not exist, so there is nothing to turn over.

Plaintiff asks for "all documents relating to subsequent in this matter that the defendants attorney already gather in preponderance of evidence." Dkt. 40-1, Exh. 1, at 2. Defendants call this request vague and incomprehensible, and I agree. It is unclear how this request is different from plaintiff's request for the documents used in his hearing. Defendants suggest that plaintiff might be asking for attorney work product, which is off limits to an opposing party.

Many of plaintiff's requests ask defendants to define "the terms" in various statutes and administrative materials without explaining which terms he wants defined. Requests like these are too vague for defendants to answer. The requests also seem to ask defendants to draw conclusions of law about what various provisions mean. Similarly, plaintiff asks defendants to explain various DOC policies and procedures for administrative confinement reviews, but then he takes issue with defendants referring him directly to the policies. Those policies speak for themselves and they govern the review at the center of plaintiff's case.

Plaintiff challenges defendants' responses in which they explain their roles in the review process and their training related to that process. Plaintiff tries to poke logical holes in these statements, but this is not the point of discovery. Defendants have answered plaintiff's questions, and now they have to live with those answers. If plaintiff believes that defendants' responses are not credible or accurate, then he will be able to make this point at summary judgment or at trial.

Some of plaintiff objections constituting quibbles. For instance, he asks defendant Walters how much "experience" she has in conducting administrative confinement hearings. Walters answered that she was not certain how many committees she served on, but it was "more than 10 but less than 100." Dkt. 40-1, Exh. 5, at 2. Plaintiff objects to this answer, stating that he asked "how much experience" . . . "not how many time[s] she participate[d]." Dkt. 40, at 19-20. Plaintiff is articulating a distinction here that does not exist. This is a reasonable answer.

There is one set of questions that defendants will need to answer. Plaintiff asked defendants somewhat awkwardly worded questions about whether they read his "inmate conduct

2

report" as part of the review. Defendants Jantzen and Walters answered that they did. In response to interrogatories Nos. 9 and 11, defendant Hable answered that the "justification for recommendation" was read aloud at the hearing, *see* Dkt. 40-1, Exh. 3, at 8-9, but this is not what the question asks. I will require Hable to respond to these questions.

Plaintiff also filed a motion or extension of time to submit his materials in opposition to defendants' motion for summary judgment, but then shortly thereafter he filed his opposition materials. In light of this order that grants a small portion of plaintiff's motion to compel, I will give plaintiff a short deadline to submit a supplement to his summary judgment materials raising any issues aided by defendant Hable's new discovery responses. Defendants will be given a new deadline to submit their reply.

## ORDER

It is ORDERED that:

(1) Plaintiff's motion to compel discovery, dkt. 40, is GRANTED in part and DENIED in part as described above. Defendant Hable may have until October 20, 2015, to submit his responses to Interrogatories Nos. 9 and 11.

(2) Plaintiff's motion for an extension of time to submit his materials opposing defendants' motion for summary judgment, dkt. 57, is GRANTED in part. Plaintiff has until **October 27, 2015**, to submit a supplement to his opposition materials. Defendants have until **November 6, 2015**, to file their reply.

Entered this 13th day of October, 2014.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge